[Civ. No. 19133. Second Dist., Div. Two. Mar. 11, 1953.]

ADELINE M. CUMMINS, Plaintiff and Appellant, v. JOSEPH L. LEVY et al., Respondents; OSCAR R. CUMMINS et al., Cross-Defendants and Appellants.

Caidin & Bloomgarden, Newton Kalman, Brennan & Cornell for Appellants.

Victor Ford Collins, Arnold M. Cannan, Hyman Smith and Howard R. Harris for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action to obtain (1) an injunction to restrain certain use of real property; (2) damages for trespass; and (3) reformation of a written instrument, plaintiff appeals.

*Facts*: Plaintiff was the owner of a large unimproved parcel of hilly property on Tower Grove Drive in the city of Los Angeles, a portion of which she wanted to sell. Defendants, interested in buying a lot upon which to build a home, inspected the property and discussed its desirability with plaintiff. Mrs. Levy expressed the wish to have a level lot without expensive retaining walls. Plaintiff assured her this could and would be accomplished, and that the dirt on the plot proposed to be sold to defendants could be rolled and the entire lot leveled.

Thereafter the parties entered into a contract whereby a portion of the property was sold to defendants. By the terms of this agreement defendants were granted an easement over and across the portion retained by plaintiff. The agreement further provided that plaintiff would "cause to have the following named utilities, to wit: Gas, water, electricity, telephone line and sanitary sewer brought to the property line of said Parcel 1 and to pay the cost of same and to immediately

upon the signing of this agreement make application to the proper authorities for that purpose and to use her best efforts to cause the completion thereof. . . . To permit said Levys to remove from Parcel 2 as above-mentioned or other portions of said Lot 1 as much dirt, soil or other natural material as the architect employed by said Levys may direct. It being understood that no charge will be made for said dirt, soil or other natural material, but said Levys will pay the cost of removing same. . . . To pay one-half of the cost of creating and paving a road over said Parcel 2 to permit ingress and egress from Tower Grove Drive to said Parcel 1 and to that portion of said Lot 1 upon which said Adeline M. Cummins shall erect a building for residential purposes.''

This written agreement was signed by both plaintiff and defendants. Thereupon defendants employed Mr. Schutt as their architect and he directed that certain dirt and soil be removed from portions of the property including portions of the parcel still owned by plaintiff. After the commencement of the removal of the dirt as directed by Mr. Schutt plaintiff told defendants to stop the work and obtained a temporary injunction from the court preventing them from proceeding.

After trial the court found that the agreement between the parties was valid and subsisting, not subject to reformation, and the work which defendants were doing was within the terms of the contract and the contemplation of the parties. The trial judge denied plaintiff any relief for alleged damages to her property, and awarded defendants damages for breach of provisions of the contract by plaintiff.

Plaintiff's sole contention is: *the findings of the trial court are not sustained by the evidence.*

This contention is devoid of merit as will appear hereafter in a review of the findings:

1. *That the written agreement referred to above had been signed by the parties.*

This finding was supported by direct testimony of witnesses that plaintiff signed the agreement. Defendants admit they signed it.

2. *That the removal of the dirt from plaintiff's property was being done by defendants in a reasonable manner.*

Witnesses for defendants testified that this was the fact, and that contrary to destroying the value of plaintiff's prop-

erty it would enhance it. This testimony sustains the questioned finding. We must, of course, disregard conflicting evidence.

3. *That there were no facts which entitled plaintiff to either declaratory relief or a reformation of the contract.*

This finding was supported by the fact that there is not any evidence in the record which would have supported a contrary finding. Since the burden was upon plaintiff to produce such evidence the trial court properly made the foregoing finding.

4. *That plaintiff was not entitled to a 60-foot driveway over the land, but was entitled to a driveway of a width of 12 feet.*

Since the agreement and deed did not determine the width of the easement, the trial court properly found it in accordance with the rule which plaintiff in her brief states thus: ''The law is well settled that where an easement of way is located by a grant which does not define its width, the width is to be that which is suitable and convenient for the ordinary uses of free passage. (*Addison County* v. *Blackmer*, 101 Vt. 384 [143 A. 700] ; *Palmer* v. *Newman*, 91 W. Va. 13 [112 S.E. 194].)''

5. *That plaintiff had not suffered irreparable injury and/or damages by reason of the acts of defendants.*

This finding is supported by testimony mentioned above under finding 2.

6. *Defendants are entitled to recover the sum of $5,179.71 from plaintiff.*

The agreement between the parties provided that plaintiff would ''cause to have the following named utilities, to wit: gas, water, electricity, telephone line and sanitary sewer brought to the property line of said Parcel 1 and to pay the cost of the same and immediately upon the signing of this agreement to make application to the proper authorities for that purpose and to use her best efforts to cause the completion thereof.''

The uncontradicted evidence disclosed that plaintiff had not at any time complied with this provision and other evidence established that the amount awarded was a reasonable sum to compensate defendants for the damage which they had suffered.

In view of the foregoing findings and the evidence in sup-

port thereof various authorities cited by plaintiff are inapplicable.

Affirmed.

Moore, P. J., concurred.

Mr. Justice Fox, deeming himself disqualified, did not participate in this decision.

A petition for a rehearing was denied April 1, 1953, and the following opinion was then rendered:

THE COURT.—The issues raised by appellants in their petition for rehearing are largely those raised in their previous briefs and expressly or impliedly rejected by this court. The claim that "representations and statements of intention" made by appellant Adeline are inadmissible by virtue of the statute of frauds or of the parol evidence rule is without support in view of the fact that appellants proposed and demanded reformation of the agreement. Hence, such "representations and statements of intention" are admissible to explain the contents of that writing. It is elementary that appellants cannot assert that a written agreement does not represent the true intent of the parties and in the same breath object to respondents' explanation of that intent.

Mr. Justice Fox did not participate.

Appellants' petition for a hearing by the Supreme Court was denied May 7, 1953. Schauer, J., was of the opinion that the petition should be granted.